**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Jason M. Vaughn


        v.                                Civil No. 09-cv-357-JL

Countrywide Home Loans, Inc.
Bank of America


### **REPORT AND RECOMMENDATION**

Having filed suit on October 27, 2009, plaintiff now files a "Verified Emergency Preliminary Injunction and Temporary Restraining Order (TRO)" on November 4, 2009, seeking to restrain and/or enjoin a November 5th foreclosure.

### **Discussion**

An unsworn "verification" is permitted by 28 U.S.C. § 1745. The current motion and complaint facially qualify as an affirmation.  However, the motion (doc. no. 4) does not contain a single fact.  A TRO may issue only if:

(A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A) and (B).

There has been no compliance with subsection (B).  Even if the court were to overlook plaintiff's failure to comply with the notice requirements of subsection (B), the verified complaint fails to make the required showing to support or justify a TRO. Plaintiff alleges he obtained a loan secured by a mortgage; that he did not receive a "Right to Cancel"; that the broker fees were included in the finance charges; and that he was not reimbursed for some appliances.  He states that he asked to rescind but is now facing foreclosure.

The Court is not bound to credit legal conclusions, labels, unsupportable conclusions, and naked assertions.  See Ashcroft v. Iqbal, ___ U.S. __, __, 129 S. Ct. 1937, 1949 (2009); Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d at 5–6 (1st Cir. 2009); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).

2

If the Court's construction of the facts, both asserted and implied, constitute well-pleaded factual allegations, a court should accept those allegations as true, and then determine whether the allegations "plausibly give rise to an entitlement to relief." Igbal, 129 S. Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (internal quotations omitted). In making the determination of plausibility, the court will examine whether the allegations, as construed, have "'nudged'" the claims "'across the line from conceivable to plausible.'" Id. at 1951 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Here, for purposes of a TRO, I cannot say that the verified allegations have nudged the claims across the line. The facts are insufficient to state a claim for recision. The other claims are damage claims which do not entitle plaintiff to equitable relief.

I recommend that the motion (doc. no. 4) be denied. Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal

3

the district court's order.  See Unauthorized Practice of Law
Comm. v. Gordon, 979 F.2d 11, 13–14 (1st Cir. 1992); United
States v. Valencia–Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: November 4, 2009

cc:   Jason M. Vaughn, pro se

4